**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

ARON GOLDBERGER,

                Plaintiff,

vs.

CONVERGENT OUTSOURCING, INC.,

              Defendant.

_____/

## COMPLAINT

    Plaintiff, ARON GOLDBERGER, sues Defendant, Convergent Outsourcing, Inc. ("Convergent"), and alleges as follows:

## INTRODUCTION

1.    This action is brought by a consumer for Convergent's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2.    The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

3.    Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

4.    Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1441 (a), (b) and (c).

5.    Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

6.      Venue in this District is proper because the subject letter was mailed to Plaintiff address in Miami-Dade County, Defendant does business in this District, sends written correspondence, and places phone calls into this District, and because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## PARTIES

7.      At all times material hereto, Defendant, Convergent was and is a foreign corporation, incorporated under the laws of the State of Washington.

8.      At some point in time prior to the violations alleged herein, Convergent was hired to collect upon the subject loan.

9.      At all times relevant to this Complaint, Convergent was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

10.     At all times relevant to this Complaint, Convergent regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

11.     At all times relevant to this Complaint, Convergent regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

12.     At all times relevant to this Complaint, Convergent was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

13.     The debt that Convergent sought to collect from Plaintiff is an alleged debt arising

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

from transactions entered into primarily for personal, family or household purposes.

14.     Convergent refers to the debt as Loan No. xxxxx76584.

15.     At all times relevant to this Complaint, Plaintiff, was and is a  natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

16.     At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

17.     All conditions precedent to the filing of this action have been performed.

### BACKGROUND AND GENERAL ALLEGATIONS

18.     On July 6, 2019, Convergent mailed to Plaintiff a letter seeking to collect upon an alleged debt to Citizens Bank, N.A. in the amount of $1,393.40.

19.     A true and correct copy of same is attached hereto as Exhibit "A".

20.     Plaintiff never had an account with Citizens Bank, N.A. and never incurred the debt Convergent attempted to collect from Plaintiff.

21.     In August 2019, Plaintiff called Convergent to ask about the debt and was asked for the last four digits of his social security number. When Plaintiff provided the requested information, he was informed that the four digits did not match the digits associated with the account and that Convergent could not discuss the debt with him.

### COUNT I-VIOLATION OF FDCPA: 15 U.S.C. 1692

22.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 21.

23.     15 U.S.C. §1692e states in part that:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(A) the character, amount, or legal status of any debt; or

(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

24.      15 U.S.C. §1692f states in part that:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1)     The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

25.      Convergent's attempting to collect a debt from Plaintiff which Plaintiff did not incur is a false representation of the character and amount of a debt.

26.      Convergent's attempting to collect a debt from Plaintiff which Plaintiff did not incur is a deceptive means to collect an unlawful amount of interest.

27.      Convergent, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e.

28.      As a direct and proximate result of the violation of the FDCPA by Convergent, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges against Plaintiff's, the stress of dealing with an unlawful debt collection attempt, humiliation and embarrassment.

29.      Plaintiff has hired the undersigned counsel to represent him in this action and has agreed to pay a reasonable attorney's fee.

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

30.     As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00, together with reasonable attorney's fees and court costs.

**WHEREFORE,** Plaintiff, ARON GOLDBERGER, respectfully asks this Court to enter an order granting judgment for for actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k and for such other relief to which this Honorable Court may deem just and proper.

## COUNT II-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

31.     Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 21.

32.     Florida Statutes § 559.72(9) states in part that:

> In collecting debts, no person shall…
> (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

33.     Convergent's attempting to collect a debt from Plaintiff which Plaintiff did not incur was an attempt to enforce a debt which Convergent knew was not legitimate.

34.     Convergent's attempting to collect a debt from Plaintiff which Plaintiff did not incur was an assertion of a legal right that Convergent knew does not exist.

35.     Convergent, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

36.     As a direct and proximate result of the violation of the FCCPA by Convergent, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges against Plaintiff's, the stress of dealing with an unlawful debt collection attempt, humiliation and embarrassment.

37.     Plaintiff has hired the undersigned counsel to represent him in this action and has

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com

agreed to pay a reasonable attorney's fee.

38.     As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1,000.00, together with reasonable attorney's fees and court costs.

**WHEREFORE,** Plaintiff, ARON GOLDBERGER, respectfully asks this Court to enter an order granting judgment for actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant Florida Statutes § 559.77(2) and for such other relief to which this Honorable Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, ARON GOLDBERGER, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
Yechezkel Rodal, Esq.
Florida Bar Number: 91210
Rodal Law, P.A.
5300 N.W. 33rd Ave., Suite 219
Ft. Lauderdale, Florida 33309
Telephone: (954) 367-5308
Facsimile:  (954) 900-1208
E-mail: Chezky@Rodallaw.com

*Attorney for Plaintiff*

**Rodal Law, P.A.**
5300 N.W. 33rd Ave., Ste. 219 ● Ft. Lauderdale, Florida 33309 ● Telephone (954) 367-5308 ● Facsimile (954) 900-1208
www.Rodallaw.com